**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
RENATTA WARD,

                        *Pro Se* Plaintiff,

      - against -

SHERIFF MICHAEL SPOSATO,
CORPORAL ISSACS, OFFICER
MCGUINESS and OFFICER MOSCAL,

                       Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 10-835 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

*Pro Se* Plaintiff filed the Complaint in this action on February 22, 2010, alleging violations of 42 U.S.C. § 1983 and the Eighth Amendment for the Defendants' alleged use of excessive force during an incident that occurred while Plaintiff was housed at the Nassau County Correctional Center. *See* Compl. [DE 1], ¶ 5. At the time the Complaint was filed, Plaintiff was incarcerated. Based upon a letter sent by Plaintiff advising the Court of a change of address, it appears that Plaintiff was released from custody as of May 20, 2010. *See* DE 15.

For the reasons set forth below, I respectfully recommend to Judge Seybert that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon Plaintiff's failure to prosecute her claims and to comply with this Court's Orders.

**II.    PROCEDURAL HISTORY**

Sheriff Michael Sposato, Corporal Isaacs, Officer McGuiness and Officer Moscal (collectively, "Defendants") filed an Answer to the Complaint on May 12, 2010. *See* DE 2. On

May 13, 2010, a Scheduling Order was issued setting the deadlines for the first phase of discovery in this case. *See* DE 13. On the same date, counsel for Defendants filed a Certificate of Service stating that a copy of the Scheduling Order had been served upon Plaintiff via first class mail. *See* DE 14. By letter dated May 20, 2010, Plaintiff sent a letter to the Court providing an updated address in Manhattan, and this letter was posted on the Court's electronic docket on May 24, 2010. *See* DE 15. The Clerk's Office subsequently updated the docket with Plaintiff's new address.

On June 16, 2010, the Court received a letter from counsel for Defendants, written on Plaintiff's behalf, stating that Plaintiff had contacted counsel by telephone and said that she was attempting to retain counsel and requested a one or two month extension of the deadlines set forth in the May 13, 2010 Scheduling Order. *See* DE 16. Counsel represented that Defendants did not oppose Plaintiff's request for an extension. *Id*. By Order dated June 18, 2010, the Court (1) granted Plaintiff's unopposed request and, in light of the fact that Plaintiff had been released from prison; and (2) deemed void the May 13, 2010 Scheduling Order. Instead, an in-person Initial Conference was set for August 5, 2010. *See* DE 17. Counsel for Defendants filed a Certificate of Service on ECF stating that the June 18, 2010 Order was served upon Plaintiff via first-class mail at her updated Manhattan address on June 21, 2010. *See* DE 18.

On August 5, 2010, neither Plaintiff nor an attorney representing Plaintiff appeared in the Courtroom at the appointed time for the scheduled Initial Conference. Defendants' counsel was present. When Plaintiff did not appear, my Courtroom Deputy placed a telephone call to the phone number listed on the docket sheet for Plaintiff and received an automated message that the number "is not accepting calls at this time." Defendants' counsel reported that she has not had

any contact with Plaintiff since June 16, 2010, when Plaintiff telephoned counsel regarding an adjournment of the deadlines in the previous Scheduling Order. In light of these circumstances, I issued an Order to Show Cause [DE 19] giving Plaintiff the opportunity "to appear in person before this Court, in Courtroom 910 on September 1, 2010 at 10:00 a.m. and show cause why the Court should not recommend to District Judge Seybert that this action be dismissed based upon Plaintiff's failure to prosecute her case and comply with the Orders of this Court[.]" *See* DE 19. The Show Cause Order further stated the following:

> **Plaintiff RENATTA WARD is hereby officially on notice that any failure to appear at the September 1, 2010 Conference, as ordered by this Court, may result in my recommending to Judge Seybert that this case be dismissed, with prejudice, for Plaintiff's failure to adhere to the Court's Orders and to prosecute her claims.**

*Id*. This information is reflected in both the Show Cause Order [DE 19] and the August 5, 2010 Civil Conference Minute Order [DE 20]. Counsel for Defendants was directed to appear at the September 1, 2010 hearing and to serve a copy of the Show Cause Order and the August 5, 2010 Civil Conference Minute Order on Plaintiff forthwith by overnight and first-class mail and to file proof of service on ECF. *Id*. On August 6, 2010, counsel for Defendants filed certificates stating that copies of both Orders were served on Plaintiff via first class mail and overnight mail. *See* DE 21, 22.

On September 1, 2010, the return date for the Order to Show Cause, Plaintiff did not appear in the Courtroom nor did she contact the Court in any way. The hearing was scheduled for 10:00 a.m. and the case was called again at 10:23 a.m. Counsel for Defendants was present and reported that the Court Orders had been delivered to the Manhattan address provided by

3

Plaintiff and that someone had signed for the delivery. Accordingly, I directed Defendants' counsel to file on ECF the material received from the postal service indicating that the letters had been delivered. I further stated that once such material was received, I would proceed with a Report and Recommendation to Judge Seybert. *Id.* On the same date, Defendants' counsel filed documents obtained from the U.S. Postal Service showing delivery and acceptance of an Express Mail envelope at the address Plaintiff provided to the Court and Defendants' counsel. *See* DE 23. The cover letter of Defendant's counsel states that "[t]he contents of that envelope, as reflected in the Certificates of Service filed on August 6, 2010 (DE 21 and 22) were copies of the Order to Show Cause and Civil Conference Minute Order, both of which were issued on August 5, 2010." *Id.* Annexed to counsel's cover letter are (1) the Customer Copy of the Express Mail label, showing that the package was mailed from counsel to the Plaintiff at her Manhattan address on August 6, 2010; (2) a print-out from the U.S. Postal Service's website, tracking the package from the time of mailing on August 6, 2010 at 6:50 p.m. to the time of delivery on August 7, 2010 at 11:37 a.m.; and (3) the delivery record showing the scanned image of the recipient of the package, reflecting the signature of "Jemar Ward" at Plaintiff's address. *Id.*

### III. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Yulle v. Barkley*, No. 9:05-CV-802, 2007 WL 2156644, at *2 (N.D.N.Y. Jul. 25, 2007) (citing *Link*, 370 U.S. at 630-31 (additional citations omitted)). It is well

established that "dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate Court directives. . . ." *Beeks v. Reilly*, No. 07-CV-3865, 2009 WL 2568531, at *2 (E.D.N.Y. Aug. 19, 2009) (citations omitted). The Supreme Court has held that a district court can act *sua sponte* to dismiss an action for failure to prosecute. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("[A] federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appeared to require a motion from a party.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 30-32 (1962)).

As noted above, Plaintiff did not appear for the August 5, 2010 Conference or the Show Cause Hearing held on September 1, 2010, and did not contact my Chambers or the Clerk's Office to adjourn or reschedule either of these dates, despite the warnings set forth in the August 5, 2010 Show Cause Order and the Civil Conference Minute Order for August 5, 2010. Nor has the Plaintiff contacted the Court at any time in the interim. Under these circumstances, I have no alternative but to recommend to District Judge Seybert that Plaintiff's case be dismissed based upon her lack of compliance with this Court's Orders and her failure to prosecute her claims. *See* Fed. R. Civ. P. 41(b). Under Rule 41(b), a district court is authorized to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link*, 370 U.S. at 633; *Harding v. Fed. Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir. 1983)). Dismissal under Rule 41(b) "operates as an adjudication on the merits and [] such a dismissal is with prejudice." *Hoffman v. Wisner Classic Mfg. Co.,* 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing *Link*, 370 U.S. at 630-32).

5

Here, Plaintiff failed to appear at a mandatory discovery conference and a show cause hearing. Prior to the conference originally scheduled for July 29, 2010 (which was adjourned to August 5, 2010), Plaintiff contacted Defendants' counsel to request an extension of the deadlines set forth in the May 13, 2010 Order. Accordingly, the Court concludes that Plaintiff was aware of her obligations under that Order, including her obligation to appear for the scheduled conference.

Further, the docket reflects that the August 5, 2010 Order and the September 1, 2010 Order issued by this Court were mailed to Plaintiff. "It is well settled that proof that a letter was mailed creates a presumption that the letter reached its destination and was actually received by the person to whom it was addressed." *Orix Credit Alliance v. Phillips-Manhen, Inc.*, 89 Civ. 8376, 1993 WL 183766, at *7 (S.D.N.Y. May 26, 1993) (citing, *inter alia*, *Hagner v. United States*, 285 U.S. 427, 430 (1932); *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir.1985)); *see also Osele v. United States Attorney*, 190 Fed. Appx. 96, 97 (2d Cir. 2006) (("A properly addressed piece of mail placed in the care of the Postal service is presumed to have been delivered." (quoting *Hoffenberg v. Comm'n*, 905 F.2d 665, 666 (2d Cir. 1990)). "Once proof of mailing exists, mere denial of receipt is insufficient to overcome the presumption of receipt, and the burden falls upon the addressee to present sufficient evidence to overcome the presumption and establish nonreceipt." *Orix Credit Alliance*, 1993 WL 183766, at *7 (citations omitted).

In the instant case, the presumption of delivery applies because "the address used contained all of the information required by the Postal Service and would result in delivery" to Plaintiff at her Manhattan address. *See Hoffenberg*, 905 F.2d at 666-667 ("In light of [court's] finding that the address was correct, the Commissioner's receipt for mailing the Notice satisfies

6

his burden of proof."). Defendants filed Certificates of Service which constitute documentary proof of the mailing of the Orders. *See id*. at 667. Moreover, Defendants filed documents obtained from the Postal Service showing that the Orders were delivered to the address provided by Plaintiff and that an individual with the same last name as Plaintiff signed for the Order to Show Cause. Although the presumption of delivery is rebuttable, Plaintiff has not come forward with any proof that she did not receive the letters.[1] *See Orix Credit Alliance*, 1993 WL 183766, at *7. The Plaintiff, in fact, has not come forth at all. Accordingly, the Court finds that, as a matter of law, the Court's Orders are presumed to have been received by Plaintiff. *See id*. Additionally, Plaintiff was aware of her obligation to provide the Court with her updated address, as evidenced by her filing of a Notice of Change of Address following her release from prison. Plaintiff was also aware of how to contact Defendants' counsel, as evidenced by her having done so to request an extension of the original date for the Initial Conference. For all these reasons, I respectfully recommend to Judge Seybert that Plaintiff's Complaint be dismissed.

---

[1] Even if Plaintiff moved from the Manhattan address and did not receive this Court's Orders, her failure to comply with the Court's Orders is not excused because "it is the plaintiff's responsibility to keep the Court informed of [her] current address, and failure to do so may justify dismissal for failure to prosecute." *Sims v. Fernandez*, 03 Civ. 2997, 2004 U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004) (collecting cases); *see also Parris v. Local 32B-32J*, No. 06 Civ. 3604, 1998 U.S. Dist. LEXIS 8672, at *2 n. 1 (S.D.N.Y. Jun. 12, 1998) ("plaintiff's failure to notify either the Court or the Postal Service of her change in address indicates that the complaint should be dismissed independently for failure to prosecute"); *Artis v. County of Nassau*, 08-CV-1321, docket entry no. 33 at 2, n.1, 4 (E.D.N.Y. Dec. 28, 2009) (dismissing for failure to prosecute where plaintiff failed to provide the Court with an updated address).

## IV. CONCLUSION

For the reasons set forth above, I respectfully recommend to Judge Seybert that this action be dismissed pursuant to Rule 41(b), based upon Plaintiff's failure to prosecute and to comply with this Court's Orders.

**Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a), (e).  Such objections shall be filed with the Clerk of the Court within this time period, except in the case of a party proceeding *pro se*.  *Pro Se Plaintiff* Renatta Ward must file her objections, if any, in writing with the Clerk of the Court within the prescribed time period.  A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joanna Seybert.  Any request for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).**

Counsel for Defendants is directed to serve a copy of this Report and Recommendation forthwith upon Plaintiff *Pro Se* by overnight mail and first class mail at Plaintiff's last known address.  Defendants' counsel is further directed to file proof of service upon ECF.

**SO ORDERED.**

Dated: Central Islip, New York
      February 7, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge